United States District Court
Southern District of Texas
**ENTERED**
January 03, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEANA BRILEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-439 |
| | § | |
| WAL-MART STORES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT TESTIMONY

Plaintiff Deana Briley brings this personal injury action against Wal-Mart Stores Texas, LLC (Wal-Mart) in connection with her slip and fall at a Wal-Mart store in Kingsville, Texas. Wal-Mart has moved for summary judgment on Plaintiff's claims for negligence, negligence per se, and premises liability. D.E. 49. Wal-Mart also moved separately for summary judgment on Plaintiff's gross negligence claim. D.E. 48. Plaintiff, in turn, moved for summary judgment on various affirmative defenses Wal-Mart has asserted. D.E. 50. Finally, Wal-Mart has moved to strike the testimony of an expert proffered by Plaintiff. D.E. 51.

For the following reasons, the Court: (1) GRANTS IN PART and DENIES IN PART Wal-Mart's motion for summary judgment (D.E. 49); (2) DENIES Wal-Mart's motion for summary judgment on Plaintiff's gross negligence claim (D.E. 48); (3) GRANTS IN PART and DENIES IN PART Plaintiff's motion for summary judgment

(D.E. 50); and (4) GRANTS IN PART and DENIES IN PART Wal-Mart's motion to strike the testimony of Dr. Jahan Rasty (D.E. 51).

## FACTS

On the evening of July 18, 2014, Plaintiff was shopping with her daughter at a Wal-Mart store in Kingsville, Texas, when she slipped and fell on some cherries that had fallen on the floor. D.E. 16, p. 2; D.E. 53-1, p. 3. At the time, Wal-Mart was promoting a sale by displaying cherries in an "action alley," Wal-Mart's term for the highest-traffic areas of its stores. D.E. 50-2, pp. 7, 10. Wal-Mart policy calls for placing floor mats around displays of produce such as cherries and grapes to reduce the risk that customers will slip on fruit that has fallen to the floor. *See* D.E. 50-3, p. 16. Wal-Mart does not typically place floor mats in action alleys, however, and there were no floor mats around the cherry display when Plaintiff slipped and fell. D.E. 50-2, p. 10; D.E. 50-3, p. 16. Plaintiff has asserted negligence claims against Wal-Mart in connection with her fall.

## STANDARD OF REVIEW

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Evidence must be viewed, and all justifiable inferences drawn, in favor of the party opposing the motion. *Anderson*, 477 U.S. at 255.

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets that burden, the nonmoving party cannot avoid summary judgment by "rest[ing] on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)) (internal quotation mark omitted). Nor must the Court "sift through the record in search of evidence to support" the nonmoving party's claim or defense. *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (internal quotation marks omitted). Instead, the nonmoving party must "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Id.* (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)) (internal quotation marks omitted). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

On cross-motions for summary judgment, the Court must "review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

## DISCUSSION

### A. Wal-Mart's Motions for Summary Judgment

#### 1. Plaintiff's Claim Does Not Satisfy The Ordinary Notice Requirement for a Premises Liability Claim

Under Texas law, which governs in this diversity action, "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016).[1] A premises liability claim arises from a property owner's duty "to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Id*.

A claim for premises liability requires:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). To meet the notice element, a plaintiff must ordinarily "establish[] that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable

---

[1] Such a negligence claim is also referred to as a "negligent activity" claim and requires that "contemporaneous, negligent activity" cause the plaintiff's injuries. *See Occidental Chem. Corp.*, 478 S.W.3d at 644. As seen below, this case does not present a negligent activity claim because the allegations and evidence do not involve any contemporaneous action by Wal-Mart.

opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The third means of showing the premises owner's knowledge is referred to as the "time-notice rule" and "is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816.

Plaintiff cannot establish Wal-Mart's notice of the cherry spill as needed to reach the jury on this claim. None of the evidence suggests that any Wal-Mart employee dropped the cherries on the floor or actually knew about the spill. Therefore, Plaintiff must rely on circumstantial evidence that the spill lingered on the floor if she is to establish Wal-Mart's constructive knowledge of it through ordinary means.

Plaintiff has not met that burden. She contends only that, despite Wal-Mart's policy requiring hourly safety sweeps to address any slip hazards in the store's aisles, Wal-Mart's Kingsville store was understaffed when she fell and thus safety sweeps occurred at most only once every three hours. *See* D.E. 54, p. 8. Even if true, "[a] store policy cannot be substituted for temporal evidence in a constructive-notice analysis." *Murray v. Chick-fil-A, Inc.*, No. 9-14-CV-11, 2014 WL 11282893, at *4 (E.D. Tex. Dec. 17, 2014), *aff'd*, 626 Fed. App'x 515 (5th Cir. 2015).

2. **Plaintiff Has a Viable Premises Liability Claim Under *Corbin* Based on Wal-Mart's Method of Displaying Cherries**

While Plaintiff's evidence cannot establish a standard slippery-floor claim, Texas law recognizes a narrow category of premises liability claims in which a condition on the premises is so inherently dangerous that the storeowner is on notice of the hazard without

requiring the plaintiff to show when the risk materialized. *See Corbin*, 648 S.W.2d at 297; *see also Nat'l Convenience Stores, Inc. v. Erevia*, 73 S.W.3d 518, 523 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 901 (Tex. App.—Dallas 2003, no pet.). Under these authorities, disputed issues of fact preclude summary judgment on Plaintiff's premises liability claim.

The analogous case that supports premises liability in this scenario is *Corbin*, which concerned a plaintiff who slipped on green grapes that had fallen from a self-service display onto a bare, green linoleum tile floor. *Corbin*, 648 S.W.2d at 296. In *Corbin*, the plaintiff adduced evidence that Safeway policy called for non-skid floor mats to be placed around grape displays, which the store knew were "unusually hazardous and continual source[s] of slippery material on which customers may fall." *Id*. at 294. According to the plaintiff, no mat was present when he fell, nor did Safeway take other precautionary measures to reduce the risk that customers would slip on grapes that inevitably fell from the display. *See id*. at 297. The Texas Supreme Court held that the evidence could support a jury finding that Safeway's grape display itself constituted an ongoing, unreasonably dangerous condition giving rise to premises liability without independent evidence of notice of the particular spill. *Id*. at 296.

As in *Corbin*, Plaintiff has cited evidence indicating that Wal-Mart policy requires special safety measures around displays of loose fruits like cherries because such displays pose inherent slip-and-fall risks. *See* D.E. 54-1, p. 10 (Joseph Todd Dep.); *see also* D.E. 54-2, p. 16 (Juan Garza Dep.). Wal-Mart nonetheless located this display in a high-traffic action alley and allegedly made matters worse by consciously deviating from its policy

requiring floor mats near cherry displays. *See* D.E. 54-1, p. 10 (Joseph Todd Dep.) ("my choice, store choice" not to use mats with the cherry display).

Construing the evidence in Plaintiff's favor, there is a factual dispute as to whether the cherry display, like the grape display in *Corbin*, constituted an inherently, unreasonably dangerous condition from the moment it was put in place. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) ("The grape display in *Corbin* allowed grapes to fall on the floor throughout each day and had no mat to protect customers from slipping. The display constituted a dangerous condition from the moment it was used." (citation omitted)); *see also Keetch*, 845 S.W.2d at 265 (describing *Corbin* as holding that "Safeway did not have to know that a particular grape was on the floor at a particular time because it knew that the grapes would be on the floor due to the nature of the display"). The question of whether the natural propensities of the cherry display, when placed in an action alley and without any floor mats, created an ongoing, unreasonably dangerous condition on the premises is therefore one for the jury to decide.

Wal-Mart, which concedes that this is a premises liability case, contends that as a matter of pleading, Plaintiff's complaint does not sufficiently allege "that the cherry display in [and] of itself was a dangerous condition." D.E. 64, p. 3; *see also* D.E. 51, p. 5. However, Plaintiff does allege sufficient facts regarding the essence of a premises liability claim: that Wal-Mart owed her a duty of care as an invitee on the premises, but breached that duty by maintaining an unreasonably dangerous condition in its store with respect to the cherries and thereby caused her injury. *See* D.E. 16, pp. 2, 3. Construing the facts alleged in the complaint in Plaintiff's favor, her failure to articulate the precise

operation of her legal theory does not entitle Wal-Mart to summary judgment. *See Eastland v. Tenn. Valley Auth.*, 553 F.2d 364, 370 (5th Cir. 1977) ("The formal issues framed by the pleadings are not determinative on a motion for summary judgment . . . ."); *see also Perna v. Kroger Tex., L.P.*, No. 3:13-cv-1606-N, 2014 WL 11456890, at *2 (N.D. Tex. Feb. 19, 2014) (plaintiff's "failure to specifically state a claim for premises liability" did not require summary judgment in premises owner's favor because "the substance of [plaintiff's] petition supports recovery under a theory of premises liability").

Wal-Mart next attempts to distinguish *Corbin* by relying on *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406 (Tex. 2006), but that case is inapposite. *Brookshire* held that a self-service soft drink dispenser was not itself an unreasonably dangerous condition, notwithstanding patrons' known propensity to spill ice onto the floor below. *Id*. at 408. *Brookshire* is distinguishable because the record in that case, unlike the record here, lacked evidence that the dispenser was any more dangerous than similar drink dispensers, or that shoppers were any more likely to spill ice around it. *Id*.

Here, there are two reasons why a jury could reasonably find that this cherry display posed an unreasonably greater danger to customers than Wal-Mart's typical cherry display: (1) due to its location in an action alley, where more customer traffic might foreseeably result in more spilled cherries; and (2) because it lacked the safety measures Wal-Mart normally uses for cherry displays. *See Erevia*, 73 S.W.3d at 523 (noting store owner's disregard for its policy requiring floor mats around self-service barrel-type soft drink displays and sustaining *Corbin*-style premises liability claim). For

these reasons, Wal-Mart's motion for summary judgment (D.E. 49) is **DENIED IN PART** on Plaintiff's premises liability claim.

### 3. Plaintiff's Gross Negligence Claim Survives

Should the jury find that Wal-Mart was negligent in maintaining an unreasonably dangerous cherry display, it is similarly for the jury to determine whether Wal-Mart's failure to exercise ordinary care constituted gross negligence. Gross negligence under Texas law requires (1) that the defendant's acts or omissions, viewed objectively, pose "an extreme degree of risk, considering the probability and magnitude of the potential harm to others"; and (2) that the defendant have "actual, subjective awareness of the risk involved, but nonetheless proceed[] with conscious indifference to the rights, safety, or welfare of others." Tex. Civ. Prac. & Rem. Code § 41.001(11). "Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "[G]ross negligence can never be the result of 'momentary thoughtlessness, inadvertence, or error of judgment.'" *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) (quoting *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex. 1981)).

Construing all evidence in Plaintiff's favor, questions of fact exist as to whether the cherry display objectively created an extreme degree of risk and if so, whether Wal-Mart nonetheless proceeded with conscious indifference to that risk. A jury could reasonably find that Wal-Mart, despite knowing that cherry displays pose particular hazards to customers, chose to place this display in a part of the store that would make it

more dangerous than an ordinary cherry display and compounded its error by disregarding its policy requiring mats around cherry displays.

Plaintiff has also adduced evidence that Wal-Mart did not adopt any substitute safety measures, such as warnings, to use around the display. *See* D.E. 54-1, p. 11. Moreover, safety sweeps were conducted less frequently than Wal-Mart's policy required under normal conditions. *See* D.E. 54-2, p. 7. As such, Plaintiff has identified sufficient evidence upon which a finding of gross negligence could potentially rest. Wal-Mart's motion for summary judgment on Plaintiff's gross negligence claim (D.E. 48) is **DENIED**.

### 4. Wal-Mart Is Entitled To Summary Judgment on Plaintiff's Claims for Negligent Activity and Negligence Per Se

**Default.** Wal-Mart is entitled to summary judgment on Plaintiff's remaining claims. As a preliminary matter, Plaintiff's summary judgment response defended her premises liability claim but was silent regarding her negligent activity and negligence per se theories. D.E. 54. Under Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought. Plaintiff's failure to address these claims in her response constitutes grounds for judgment in Wal-Mart's favor.

Furthermore, Wal-Mart has demonstrated that, as a matter of law, Plaintiff cannot succeed on either of these claims.

**Negligent Activity.** First, "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch*, 845 S.W.2d at 264; *see also*

*Occidental Chem. Corp.*, 478 S.W.3d at 644 ("When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply."). Plaintiff has neither pled nor shown evidence of a negligent activity claim. Instead, Plaintiff testified that she did not see any Wal-Mart employees nearby when she fell, nor did she see the cherries drop in her path. D.E. 53-1, pp. 5–6. Thus, Plaintiff has not shown evidence that Wal-Mart's "contemporaneous, negligent activity" caused her injury as necessary to prevail on this claim. *Occidental Chem. Corp.*, 478 S.W.3d at 644; *see also Keetch*, 845 S.W.2d at 264 (differentiating premises liability and negligent activity claims).

**Negligence Per Se.** With respect to her negligence per se claim, Plaintiff has not identified any statute, ordinance, or regulation upon which such a claim might rest. "Without a citation to a statutory provision, the Court is unable to determine whether the facts alleged state a violation of any statute." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-cv-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016). Even if Wal-Mart disregarded its own policy by forgoing floor mats around the display, that will not support a negligence per se claim. *See Mann v. Geriatric Servs., Inc.*, No. 4-4-649-cv, 2005 WL 3445987, at n.6 (Tex. App.—San Antonio Dec. 14, 2005, no pet.).

As such, the Court **GRANTS IN PART** Wal-Mart's motion for summary judgment (D.E. 49) on Plaintiff's negligent activity and negligence per se claims.

### B. Plaintiff's Motion for Summary Judgment

Wal-Mart has asserted various affirmative defenses, including (1) comparative negligence; (2) that the incident was caused by an unknown third party, not in Wal-

Mart's control; (3) that Plaintiff's injuries were not caused by any Wal-Mart employee acting within the course and scope of his employment; (4) that Plaintiff failed to mitigate her own damages; (5) that Plaintiff's injuries were the result of preexisting conditions; and (6) that any recovery by Plaintiff should be reduced based on any jury findings against her or any third parties. D.E. 19, pp. 2–4. Plaintiff has moved for summary judgment as to each of these defenses, on no-evidence grounds. D.E. 50. The Court will address each in turn.

**Comparative negligence.** "An individual must keep a proper lookout where he is walking, and a jury is allowed to make a reasonable inference that failure to do so was the proximate cause of his injuries." *Moore v. Kitsmiller*, 201 S.W.3d 147, 152 (Tex. App.—Tyler 2006, pet. denied) (citation omitted). It is a fact question whether Plaintiff "fail[ed] to use ordinary care in regard to . . . her own safety" and by her negligence contributed to her injury. *Kroger Co. v. Keng*, 23 S.W.3d 347, 351 (Tex. 2000). Plaintiff testified that there was nothing obstructing her view before her accident, but that immediately before her fall, she was looking ahead to the frozen food aisle rather than directly in front of her. *See* D.E. 53-1, pp. 4–5. This evidence could support a jury finding of comparative negligence.[2] *See Cruz v. Home Depot U.S.A., Inc.*, No. CV 4:15-1566, 2016 WL 2926369, at *3 (S.D. Tex. May 19, 2016) ("[W]hether Plaintiff's conduct was a factual

---

[2] Plaintiff claims that no reasonable jury could find her negligent because two Wal-Mart employees testified that they did not know whether she had done anything to cause her own injuries. D.E. 50, pp. 3–4. However, neither witness saw Plaintiff before she fell. D.E. 50-2, p. 14 (Joseph Todd. Dep.); D.E. 50-3, pp. 13–14 (Juan Garza Dep.). Thus, their testimony does not speak to the jury question of whether Plaintiff exercised reasonable care for her own safety as she traveled through the Wal-Mart store. *See* Fed. R. Civ. P. 56(c); Fed. R. Evid. 602.

cause of his injuries is not susceptible of resolution on summary judgment."). Plaintiff's motion for summary judgment on this defense is denied.

**Unknown third party.** Wal-Mart asserted the affirmative defense that an unknown third party was responsible for the alleged unreasonably dangerous condition on the premises. However, there is no evidence that anyone altered Wal-Mart's cherry display, took unforeseeable action to create a hazard near the display, or made it more dangerous. As such, the evidence is insufficient to raise a disputed issue of material fact on this affirmative defense, and Plaintiff is entitled to summary judgment on it.

**Course and scope of employment.** Wal-Mart also asserted the defense that Plaintiff's injuries were caused by conduct outside the course and scope of employment. Plaintiff has elicited evidence that the conduct of which she complains was Wal-Mart's intentional choice. Joseph Todd, who manages Wal-Mart's Kingsville store, testified that it was a "[d]irection from higher up" to place the cherry display in an action alley and "my choice, store choice" to dispense with any mats around it. D.E. 54-1, p. 10. Wal-Mart does not contend that Mr. Todd or his supervisors exceeded their authority in making these decisions. Nor does Wal-Mart suggest that Plaintiff's injury was caused by some other conduct outside of the course and scope of Wal-Mart employment. Therefore, Plaintiff's motion for summary judgment on this defense is granted.

**Failure to mitigate.** Failure to mitigate is demonstrated, for instance, when a plaintiff disregards her physician's advice or refuses treatment for her alleged injuries. *See Nabors Well Servs., Ltd. v. Romero*, 456 S.W.3d 553, 560 (Tex. 2015). Wal-Mart has produced sufficient evidence of Plaintiff's failure to mitigate her injuries to submit

the defense to the jury. Specifically, medical records from after Plaintiff's accident indicate that she expressed disinterest in treatment after her physician recommended epidural steroid injections for her back pain. *See* D.E. 53-5, p. 5. Plaintiff further testified that she discontinued the injections because she found them ineffective, and that she had not had an injection for at least a year before her deposition, despite continued pain which she attributes to her fall. D.E. 53-1, pp. 8–9.

While Plaintiff has pursued other courses of treatment, a jury could nonetheless find that Plaintiff did not "care for and treat [her] injuries as a reasonable prudent person would under the same or similar circumstances." *Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 449 (Tex. 1967). Plaintiff's motion for summary judgment on this defense is denied.

**Pre-existing condition.** Under Texas law, a tortfeasor takes his victim as he finds him, and may be held liable for aggravating a plaintiff's pre-existing injuries. *See Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 591 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Plaintiff nonetheless bears the burden of showing that she was injured and that her injuries were proximately caused by Wal-Mart's negligence, and not a pre-existing condition. *See Miller v. Borden, Inc.*, 664 F.2d 543, 544–45 (5th Cir. 1981) (citing *Tex. & Pac. Ry. v. Van Zandt*, 317 S.W.2d 528, 530 (Tex. 1958)).

To support this defense, Wal-Mart has offered the testimony of Dr. Ajeya P. Joshi, M.D. Dr. Joshi testified that, based on his review of Plaintiff's medical records, he believes that Plaintiff suffered from lumbar arthritis before she fell. *See* D.E. 53-4, p. 3. Dr. Joshi further testified to his opinion that any pain that Plaintiff currently suffers is

more likely from her lumbar arthritis than any acute injury from her fall. *See id*. at 4. Thus Wal-Mart has submitted sufficient evidence to raise disputed factual issues on this defense. Plaintiff's motion for summary judgment against Wal-Mart on its pre-existing condition defense is denied.

**Reduction of Award.** Finally, the parties agree that it is premature to reduce Plaintiff's recovery, if any, by any jury findings against her. D.E. 50, p. 5; D.E. 53, pp. 13–14. As such, Plaintiff's motion for summary judgment on this defense is denied.

In sum, Plaintiff's motion for summary judgment (D.E. 50) is **GRANTED IN PART** as relating to Wal-Mart's affirmative defenses that an unknown third party or a Wal-Mart employee acting outside the scope of his employment caused the alleged unreasonably dangerous condition on the premises. Plaintiff's motion is otherwise **DENIED IN PART**.

### C. Wal-Mart's Motion to Exclude

Finally, Wal-Mart moves to exclude the testimony of Plaintiff's expert, Dr. Jahan Rasty, Ph.D., in its entirety.[3] D.E. 51. Before expert testimony may be submitted to the jury, the Court must act as a gatekeeper by "making a 'preliminary assessment of whether the reasoning or methodology underlying the testimony . . . properly can be applied to the facts in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho*

---

[3] The Court did not find it necessary to consider Dr. Rasty's testimony in deciding the parties' cross-motions for summary judgment.

*Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Courts need not admit testimony that is based purely on the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

A mechanical engineer by training, Dr. Rasty has offered testimony on two issues: (1) friction and the slippery nature of cherries; and (2) store policies and the reasonableness of Wal-Mart's actions. The admissibility of this opinion testimony must be evaluated separately as to each subject area.

**Friction.** Dr. Rasty has measured how the dynamic coefficient of friction (DCOF) between the bottom of a flip-flop shoe (as Plaintiff was wearing when she fell) and a tiled surface varies due to different floor coverings and the presence of one or multiple cherries. *See* D.E. 51-1, pp. 4–5; D.E. 56-1, p. 3.

Wal-Mart faults Dr. Rasty for testing the DCOF of a "typical" flip-flop on a "typical" tile floor (sometimes covered with a "typical" mat), without replicating the flip-flop Plaintiff was wearing, the tile in the Kingsville Wal-Mart, or the mats Wal-Mart uses. D.E. 51, p. 4. These quibbles with Dr. Rasty's methodology go to the weight the jury might afford to Dr. Rasty's testimony, and not to its admissibility. They may be addressed through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596.

The Court also disagrees that Dr. Rasty's DCOF opinions are "so basic" and "within the common sense of a trier of fact" that they should be excluded. D.E. 51, p. 8. Certainly, it is intuitive that multiple cherries are slipperier than a single cherry and that a mat increases traction on a tile floor. Nonetheless, the Court is unpersuaded that a jury

would find Dr. Rasty's DCOF testimony to be of such little value that it should be excluded entirely. "[M]atters of slip resistance and surface friction are 'beyond the understanding and experience of the average lay citizen.'" *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1194 (11th Cir. 2011) (quoting *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)); *see also Leonard v. Bearcat Corp.*, No. 4:01CV00608 ERW, 2002 WL 34532924, at *2 (E.D. Mo. Aug. 20, 2002) (denying motion to exclude expert testimony regarding coefficient of friction in slip and fall case). As such, the Court **DENIES IN PART** Wal-Mart's motion to exclude Dr. Rasty's testimony regarding his DCOF analysis (D.E. 51).

**Store Policies.** Dr. Rasty also opined on the reasonableness of Wal-Mart's safety policies, whether they were observed at the time of the accident, and whether Wal-Mart's alleged failure to follow its policies caused Plaintiff's fall. *See* D.E. 51, pp. 5–7; D.E. 51-1, pp. 11–14, 16. The Court will exclude this testimony.

First, the Court does not perceive anything in Dr. Rasty's experience or training that would qualify him as an expert on these issues: his specialized knowledge relates to mechanical engineering, not retail safety. Second, Dr. Rasty has not compared Wal-Mart's safety policies to those of other retailers, weighed the costs and benefits of his suggested improvements to Wal-Mart policy, or tested Wal-Mart's contention that, because floor mats can roll up and present their own trip hazards when in action alleys, it was safer not to use floor mats around the display. *See* D.E. 54-1, p. 10. His opinions regarding the reasonableness of Wal-Mart's behavior and the proximate cause of the accident are therefore of minimal help to the jury in determining the facts in issue. *See*

Fed. R. Evid. 702(a); *see also Kyong Hui Lane v. Target Corp.*, No. CIV.A. C-05-306, 2006 WL 870805, at *6 (S.D. Tex. Apr. 3, 2006) ("[T]he jury . . . will not need [expert testimony] to know how to use 'reason' to evaluate the dangerousness of a product display.").

Finally, Dr. Rasty's testimony regarding Wal-Mart's alleged unreasonableness and the accident's proximate cause improperly opines on "the *legal*, not a factual, 'cause of the accident.'" *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). An expert's opinion "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Nonetheless, this rule is not "intended to allow a witness to give *legal* conclusions." *Owen*, 698 F.2d at 240.

Where he ventures beyond his DCOF analysis, Dr. Rasty "has applied terms of law such as . . . 'proximate cause' and 'reasonableness' to the facts of this case to reach a legal conclusion favorable to" Plaintiff. *Heatherly v. Nat'l Presto Indus., Inc.*, No. SA-07-CA-0062-FB, 2008 WL 11334519, at *7 (W.D. Tex. Dec. 3, 2008). As such, the Court will exclude those portions of his testimony. *See also Diamond Offshore Co. v. Survival Sys. Int'l, Inc.*, No. CIV.A. H-11-1701, 2013 WL 371648, at *8 (S.D. Tex. Jan. 29, 2013).

In sum, Wal-Mart's motion (D.E. 51) is **DENIED IN PART** as it relates to Dr. Rasty's DCOF analysis. The Court otherwise **GRANTS IN PART** Wal-Mart's motion.

## CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS IN PART and DENIES IN PART Wal-Mart's motion for summary judgment (D.E. 49):

   a. Plaintiff may prosecute her *Corbin*-based premises liability claim;

   b. Plaintiff's claim for negligent activity is DISMISSED;

   c. Plaintiff's claim for negligence per se is DISMISSED;

(2) DENIES Wal-Mart's motion for summary judgment on Plaintiff's gross negligence claim (D.E. 48);

(3) GRANTS IN PART and DENIES IN PART Plaintiff's motion for summary judgment; (D.E. 50):

   a. Wal-Mart may defend on the basis of failure to mitigate, pre-existing condition, and comparative negligence;

   b. Wal-Mart's affirmative defenses of unknown third party and course and scope of employment are DISMISSED;

   c. The Court dismisses as premature Plaintiff's challenge to the defense seeking a reduction of award;

(4) GRANTS IN PART and DENIES IN PART Wal-Mart's motion to strike the testimony of Dr. Jahan Rasty (D.E. 51):

   a. The Court FINDS that Dr. Rasty's testimony regarding friction is admissible; and

b. The Court EXCLUDES Dr. Rasty's opinions regarding store policies.

ORDERED this 3rd day of January, 2018.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE